**The UNIVERSITY OF TEXAS MEDICAL BRANCH AT GALVESTON d/b/a John Sealy Hospital ("UTMB"), Petitioner,**

v.

**Kevin BARRETT, M.D., Respondent.**

No. 03–0827.

Supreme Court of Texas.

March 11, 2005.

---

**4.** Tex. Civ. Prac. & Rem.Code § 15.002.

**5.** Tex.R.App. P. 52.8(c).

Greg Abbott, Atty. Gen., Merle Hoffman Dover, Edward D. Burbach, Barry Ross McBee, Rafael Edward Cruz, Rance L. Craft, Office of the Attorneys General, Austin, for petitioner.

Mark W. Stevens, Galveston, for respondent.

Joshua S. Cantrell, Texas Municipal League, Kevin Wayne Cole, Cole & Powell, P.C., Austin, Ramon G. Viada III, Abrams Scott & Bickley, L.L.P., Houston, for amicus curiae.

## PER CURIAM.

We previously denied the petition for review in this case.[1] In its motion for rehearing, petitioner urges us to resolve the conflict in the courts of appeals over the single issue here presented. We agree that the conflict should be resolved and grant the motion for rehearing to do so.

Before suing under the Texas Whistleblower Act,[2] a public employee must timely initiate his employer's grievance or appeal procedures relating to employee discipline.[3] Then, as section 554.006(d) states:

If a final decision is not rendered before the 61st day after the date [such] procedures are initiated ..., the employee may elect to:

(1) exhaust the applicable procedures ..., in which event the employee must sue not later than the 30th day after the date those procedures are exhausted to obtain relief under this chapter; or

(2) terminate procedures ..., in which event the employee must sue within the time remaining under Section 554.005 to obtain relief under this chapter.

Dr. Kevin Barrett sued his former employer, the University of Texas Medical Branch at Galveston, only 27 days after initiating grievance procedures complaining of the termination of his employment. UTMB filed a plea to the jurisdiction, asserting that Barrett's failure to wait 60 days before suing deprived the trial court of jurisdiction over his action. The trial court denied the plea, and a divided court of appeals, sitting en banc, affirmed.[4] We agree that the plea was properly denied.

Section 554.006 does not require that grievance or appeal procedures be exhausted before suit can be filed; rather, it requires that such procedures be timely initiated and that the grievance or appeal authority have 60 days in which to render a final decision. We need not decide here whether the failure to meet these requirements deprives the court of jurisdiction over the action. Whether the purpose of the requirements is, as the court of appeals concluded, to allow an opportunity

1. 47 Tex. Sup.Ct. J. 1188 (Sept. 10, 2004).

2. Tex. Gov't Code §§ 554.001–.010.

3. *Id.* § 554.006(a)-(c):

"(a) A public employee must initiate action under the grievance or appeal procedures of the employing state or local governmental entity relating to suspension or termination of employment or adverse personnel action before suing under this chapter.

"(b) The employee must invoke the applicable grievance or appeal procedures not later than the 90th day after the date on which the alleged violation of this chapter:

"(1) occurred; or

"(2) was discovered by the employee through reasonable diligence.

"(c) Time used by the employee in acting under the grievance or appeal procedures is excluded, except as provided by Subsection (d), from the period established by Section 554.005."

4. 112 S.W.3d 815 (Tex.App.-Houston [14th Dist.] 2003) (en banc opinion by Brister, C.J.; dissenting opinions by Anderson, J., and by Yates, J.) (interlocutory appeal after reversal and remand in *Barrett v. University of Texas Med. Branch at Galveston*, No. 14–97–00981–CV, 1999 WL 233341, 1999 Tex.App. LEXIS 2947 (Tex.App.-Houston [14th Dist.] 1999, pet. denied) (not designated for publication)).

for resolution of disputes before going to court, or instead, as UTMB argues, to deny a court jurisdiction over an action unless the requirements have been satisfied, the purpose is adequately protected by abating a prematurely filed action until the end of the 60–day period, provided that the procedures have been timely initiated and can continue for the required 60 days or until a final decision is rendered, whichever occurs first.[5] To the extent other cases have suggested[6] or held[7] to the contrary, we disapprove them.

Accordingly, we grant petitioner's motion for rehearing, grant the petition for review,[8] and without hearing oral argument,[9] affirm the judgment of the court of appeals.

Justice BRISTER did not participate in the decision.

---

5. *Hubenak v. San Jacinto Gas Transmission Co.*, 141 S.W.3d 172, 184 (Tex.2004) ("Rather, the statute's goal—avoidance of protracted litigation—can be accomplished by requiring an abatement of the proceeding until the requirement that the parties 'are unable to agree' has been satisfied.") (citing *Albertson's, Inc. v. Sinclair*, 984 S.W.2d 958, 961–962 (Tex.1999); *Hines v. Hash*, 843 S.W.2d 464, 469 (Tex.1992); *State v. $435,000*, 842 S.W.2d 642, 645 (Tex.1992) (per curiam); *Schepps v. Presbyterian Hosp. of Dallas*, 652 S.W.2d 934, 938 (Tex.1983)); *American Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801, 805 (Tex.2001) ("If a claim is not within a court's jurisdiction, and the impediment to jurisdiction cannot be removed, then it must be dismissed; but if the impediment to jurisdiction could be removed, then the court may abate proceedings to allow a reasonable opportunity for the jurisdictional problem to be cured.").

6. *Watson v. Dallas Indep. Sch. Dist.*, 135 S.W.3d 208, 224–227 (Tex.App.-Waco 2004, no pet.) (stating that the requirements of section 554.006 are jurisdictional, but conclud-ing that the plaintiff satisfied them); *Harris County v. Lawson*, 122 S.W.3d 276, 281–284 (Tex.App.-Houston [1st Dist.] 2003, pet. denied) (en banc) (suggesting that the requirements of section 554.006 are jurisdictional, but holding that the plaintiff satisfied them).

7. *Bellows v. Hendrick*, No. 13–03–00445–CV, 2004 WL 1854240, at *2 (Tex.App.-Corpus Christi Aug. 19, 2004, pet. filed [no. 04–0973] ) (mem. op.); *City of San Antonio v. Marin*, 19 S.W.3d 438, 441–442 (Tex.App.-San Antonio 2000, pet. denied) (holding that the trial court lacked jurisdiction of an action filed during the 60–day period provided by section 554.004(d)).

8. *See* Tex. Gov't Code § 22.225(c) (regarding the Supreme Court's jurisdiction over interlocutory appeals); *Long v. Humble Oil & Ref. Co.*, 380 S.W.2d 554, 555 (Tex.1964) (regarding the Supreme Court's jurisdiction to determine whether appellate court had jurisdiction).

9. Tex.R.App. P. 59.1.