Opinion filed February 23, 2006

















 
 
 The Court on this day, May 25, 2006, has withdrawn this opinion and
 judgment dated February 23, 2006, and substituted the opinion and judgment
 dated May 25, 2006.
 
 







 
 
  
 
 




Opinion filed February 23, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-04-00262-CV 

                                                    __________

 

                   MIDLAND INDEPENDENT
 SCHOOL DISTRICT AND

                                       TOM
HOLLAND, Appellants

 

                                                             V.

 

                                   LAURA
GINA WATLEY, Appellee

 



 

                                        On
Appeal from the 142nd District Court

 

                                                        Midland County, Texas

 

                                                Trial
Court Cause No. CV-43,473

 

 



 

                                                                   O
P I N I O N

 

In this interlocutory appeal, Midland Independent
School District (MISD) and Tom Holland, MISD=s
assistant superintendent for personnel, appeal the trial court=s denial of MISD=s
plea to the jurisdiction and Holland=s motion for summary judgment.  We reverse and render.

                                                               Background
Facts

Laura Gina Watley was employed by MISD from
September 1990 until June 2000.  On or
about February 10, 2000, Watley was asked to prepare a written statement
concerning the conduct of her supervisor, Dr. Ruby Morris, who was under
investigation in a grievance proceeding. 
Upon learning of this statement, Dr. Morris allegedly demanded that
Watley prepare a fraudulent letter recanting her statement.  On March 10, 2000, Dr. Morris fired Watley
allegedly because Watley refused to redact her statement.  In response to Dr. Morris=s action, Watley prepared a written
grievance statement and submitted it to Dan Walkenshaw, MISD Chief of Police.

On March 13, 2000, Holland reinstated Watley to a new position
at MISD with the same pay and benefits as her previous position.  As a result of her reinstatement, Watley
withdrew her grievance.

On June 2, 2000, Watley was informed by Holland that she would no
longer be employed by MISD.  The parties
disagree with respect to MISD=s
characterization of Watley=s
separation of employment on June 2, 2000. 
MISD describes Watley=s
separation as a termination as a result of her failure to attend a mandatory
meeting.  Watley contends that MISD
informed her that she had Avoluntarily
resigned@ for her
failure to attend the required meeting. 
Watley further contends that she Adid
not discover that her resignation was actually a termination@ until after the filing of the
underlying lawsuit.  As set forth in
greater detail below, Watley relies heavily on her characterization of the June
2, 2000 separation as a resignation rather than a termination.  Irrespective of its characterization, Watley
did not file a grievance after the June 2, 2000 separation from
employment.     On August 17, 2001, Watley filed suit against MISD, Holland, and the Estate
of Dr. Ruby Morris.  Watley alleged a
cause of action under the Texas Whistleblower Act[1]
and also alleged claims for retaliatory discharge, assault, intentional
infliction of emotional distress, and intentional misrepresentation.  On September 19, 2002, MISD filed a plea to
the jurisdiction, and Holland filed a motion for summary judgment.  The trial court denied both the plea to the
jurisdiction and the motion for summary judgment.  This accelerated appeal followed.








MISD=s
Plea to the Jurisdiction

This court has jurisdiction to review an
interlocutory order of a district court that grants or denies a plea to the
jurisdiction by a governmental unit.  See
Tex. Civ. Prac. & Rem. Code Ann.
'
51.014(a)(5) (Vernon Supp. 2005).  We
review de novo the trial court=s
ruling on a plea to the jurisdiction.  See
United Water Servs., Inc. v. City of Houston, 137 S.W.3d 747, 749 (Tex.
App.C  Houston [1st Dist.] 2004, pet. filed).  A court deciding a plea to the jurisdiction
is not required to look solely to the pleadings but may consider evidence and
must do so when necessary to resolve the jurisdictional issues raised.  Bland Indep. Sch. Dist. v. Blue, 34
S.W.3d 547, 555 (Tex. 2000).  We do not
look at the merits of the case.  County
of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002).  We construe the pleadings liberally in favor
of conferring jurisdiction.  Texas Dep=t of Transp. v. Ramirez, 74 S.W.3d
864, 867 (Tex. 2002).

In three issues on appeal, MISD argues that it is
entitled to governmental immunity from Watley=s
Whistleblower-Act claim; from her claim of retaliatory discharge; and from her
claims of assault, intentional infliction of emotional distress, and
intentional misrepresentation.

                                           The
Whistleblower-Act Claim Against MISD

MISD argues that Watley failed to comply with the
requirements of Section 554.006 regarding the timely initiation of
administrative remedies before filing suit under the Whistleblower Act.  Section 554.006(a) requires a claimant under
the Whistleblower Act  to initiate Agrievance or appeal procedures of the
employing state or local governmental entity relating to suspension or
termination of employment or adverse personnel action before suing under [the
Act].@  Section 554.006(b) requires the grievance
procedures to be instituted not later than ninety days after the alleged
violation of the Whistleblower Act occurred or was discovered by the employer
by reasonable diligence.  Section
554.006(d) provides that, if a final decision is not rendered on the grievance
before the sixty-first day after the grievance is initiated, the employee may
elect to either (1) exhaust the applicable grievance proceedings prior to
filing suit or (2) terminate the proceedings 
and bring suit within the applicable limitations period set out in
Section 554.005. 








The Texas Supreme Court recently addressed the
requirements of Section 554.006 in University of Texas Medical Branch at
Galveston v. Barrett, 159 S.W.3d 631 (Tex. 2005).  The claimant in Barrett timely
initiated grievance proceedings after being terminated.  Id. at 632.  However, the claimant only waited
twenty-seven days after initiating grievance proceedings before filing
suit.  Id.  The governmental entity asserted that the
claimant=s suit
should be dismissed for want of jurisdiction because of the failure of the
claimant to wait sixty days prior to filing suit as required by Section
554.006(d).  Id.  The court rejected the governmental entity=s jurisdictional claim by holding that
the prematurely filed suit should be abated so that the sixty-day requirement
could be fulfilled.  Id. at
633.  

The supreme court in Barrett expressly
declined to resolve whether the failure of an aggrieved public employee to
initiate a grievance procedure in compliance with Section 554.006 constitutes a
jurisdictional defect.  Id. at
632-33.  The Beaumont Court of Appeals
recently addressed this question in Montgomery County Hospital District v.
Smith, No. 09-05-00137-CV, 2005 WL 3439927 (Tex. App.CBeaumont Dec. 15, 2005, no pet.
h.).  The court held in Smith that
the claimant=s failure
to initiate grievance proceedings constituted a jurisdictional defect under
Section 554.006 which barred suit.  Id.
at *6-8.  In reaching its holding in Smith,
the court noted that the Texas Legislature recently added the following
language to Tex. Gov=t Code Ann. '
311.034 (Vernon Supp. 2005): AStatutory
prerequisites to a suit, including the provision of notice, are jurisdictional
requirements in all suits against a governmental entity.@  Id. at *10.

Watley contends that she complied with the
requirements of Section 554.006 in the following manner:

Ms. Watley was required to initiate grievance
proceedings, not exhaust them.  She
initiated her grievance against MISD on or about March 10, 2000, one business
day after her termination.  MISD rehired
Ms. Watley on March 13, 2000, per the express instruction of the MISD
superintendent and conditioned on the withdrawal of Ms. Watley=s grievance.  Ultimately, Ms. Watley resigned for failure
to attend a meeting she never knew about. 
MISD now contends that Ms. Watley should be precluded from filing suit
even though they thwarted Ms. Watley=s
March grievance and never notified her of a subsequent termination.  Ms. Watley adequately initiated the grievance
proceedings, and should not be barred from raising her Whistleblower claim.

 

We agree that Watley is no longer required to exhaust
administrative remedies prior to filing suit under the Whistleblower Act.  See Barrett, 159 S.W.3d at 632.  However, we disagree with Watley=s contention that she either satisfied
the requirements of Section 554.006 or was excused from complying with them.








Watley asserts that the termination occurring on
March 10, 2000, was the only event requiring her compliance with Section
554.006.  She further asserts that she
complied with the statute by initiating a grievance proceeding on the next
day.  We disagree with both of these
contentions.  Even if we assume that
Watley is correct in asserting that MISD rehired her on March 13, 2000, in an
effort to thwart her grievance, we cannot ignore the events that transpired
afterward.  Watley=s
subsequent period of employment lasted from March 13, 2000, until June 2,
2000.  Irrespective of the
characterization of the separation from employment occurring on June 2, 2000,
as either a termination or resignation, it was clearly involuntary.  Watley testified as follows with regard to
her beliefs immediately following this separation:

Q: Okay. 
And about an hour after your phone conversation with Tom Holland on June
2nd, 2000, --

 

A: Uh-huh.

 

Q: -- a lightbulb went off in your head, right?

 

A: Yes.

 

Q: And at that point, you knew that Tom Holland
had lied to you, right?

 

A: Right.

 

Q: Or you believed he lied to you, right?

 

A: No, he lied to me.

 

Q: Okay. 
You knew you didn=t
have a job?

 

A: Right.

 

Q: And you knew that the fact that you not having
a job was traceable back to your submission of Deposition Exhibit Number 1,
right?

 

A: Right.

 

Q: Okay.  At
that point B or since
that point when the lightbulb went off and you realized all of this, have you
ever filed any grievance with Midland ISD?

 

A: No.

 








Q: Have you pursued any grievance with the
Commissioner of Education with the Texas Education Agency?

 

A: No.

 

Q: Have you filed any grievance or charge of
discrimination with the EEOC or the Texas Commission on Human Rights?

 

A: No.

 

When asked why she did not file a grievance, Watley responded, AI don=t
know.  I think the breath was knocked out
of me.  You know, I was 40 years old
almost and had to go find a new job.  So
I didn=t do
anything but go look for a new job.@

In summary, MISD terminated Watley on March 10,
2000.  She immediately initiated a
grievance proceeding after being fired. 
She withdrew the grievance proceeding, however, on the next business day
after being rehired.  After working for
the school district for approximately three additional months, Watley was
involuntarily discharged again on June 2, 2000. 
Watley did not attempt to either re-institute her previous grievance or
initiate a new grievance at any time after June 2, 2000.  We find that Watley did not initiate
grievance proceedings as required by Section 554.006 by failing to present a
grievance of any kind after the discharge on June 2, 2000.[2]  This is a jurisdictional defect which
precludes Watley from bringing her Whistleblower-Act claim.  We sustain MISD=s
first issue on appeal.

                        Watley=s Retaliatory-Discharge Claim Against
MISD








In addition to her claim under the Whistleblower
Act, Watley alleged a claim for retaliatory discharge.  MISD addresses this claim in its second
issue.  Watley cited Tex. Lab. Code Ann. ' 21.055 (Vernon 1996) in her trial
court pleadings in connection with this claim. 
She has subsequently asserted in her appellate briefs that her claim for
retaliatory discharge is a common law claim rather than a statutory claim under
Section 21.055.[3]  Watley has additionally asserted a claim for
retaliatory discharge under Sabine Pilot Service, Inc. v. Hauck, 687 S.W.2d
733 (Tex. 1985), in her appellate briefs.

MISD contends that a common law cause of action
for retaliatory discharge does not exist. 
We agree.  The Dallas Court of
Appeals rejected an argument for the creation of a common law claim for
retaliatory discharge in Guiet v. Hogan & Assocs., Inc., No.
05-98-01560-CV, 2001 WL 722559 (Tex. App.CDallas
June 28, 2001, pet. denied)(not designated for publication).  The court determined that a common law claim
for retaliatory discharge is inconsistent with the general rule that an action
for wrongful termination will not lie in favor of an at-will employee except in
very limited exceptions, most of which have been created by statute.   We agree with the court=s holding in Guiet.

The Texas Supreme Court created a common law cause
of action to protect at-will employees in Sabine Pilot for cases in
which an employee is terminated for refusing to perform an illegal act.  Sabine Pilot, 687 S.W.2d at 735.  However, the exception created by Sabine
Pilot does not overcome a governmental entity=s
sovereign immunity.  See Salazar v.
Lopez, 88 S.W.3d 351, 352-53 (Tex. App.CSan
Antonio 2002, no pet.); Univ. of Texas Med. Branch at Galveston v. Hohman,
6 S.W.3d 767, 777 (Tex. App.CHouston
[1st Dist.] 1999, pet. dism=d
w.o.j.);  Carroll v. Black, 938
S.W.2d 134, 135 (Tex. App.CWaco
1996, writ denied).  MISD=s second issue is sustained.

                                          Watley=s Common Law Claims Against MISD

Watley also asserts claims against MISD for
assault, intentional infliction of emotional distress, and intentional
misrepresentation.  MISD addresses these
claims in its third issue.  In order to
decide whether MISD=s plea to
the jurisdiction should have been granted, this court must determine whether
MISD is entitled to governmental immunity over Watley=s
common law causes of action.  We hold
that it is.

Sovereign immunity encompasses two distinct areas:
(1) immunity from suit and (2) immunity from liability.  Gendreau v. Med. Arts Hosp., 54 S.W.3d
877, 878 (Tex. App.C Eastland
2001, pet. denied).  Immunity from suit
bars an action against the school district unless consent to sue has been
expressly granted.  See Texas Dep=t of Transp. v. Jones, 8 S.W.3d
636, 638 (Tex. 1999).








Watley argues that sovereign immunity for school districts
has been waived by Tex. Educ. Code Ann.
' 11.151(a) (Vernon Supp. 2005) which
provides:

The trustees of an independent school district
constitute a body corporate and in the name of the district may acquire and
hold real and personal property, sue and be sued, and receive bequests
and donations or other moneys or funds coming legally into their hands.  (emphasis added)

 

In Lamesa Independent School District v. Booe,
No. 11-03-00394-CV, 2005 WL 2090670 (Tex. App.CEastland
Aug. 31, 2005, pet. filed)(mem. op.), this court held that the Asue and be sued@
language of Section 11.151(a) clearly and unambiguously waives a school
district=s
immunity from suit.  Our decision was
based on the holding of the Texas Supreme Court that Asue
and be sued@ language
is Aquite plain and gives general consent@ for a governmental entity to be
sued.  Missouri Pac. R.R. Co. v.
Brownsville Navigation Dist., 453 S.W.2d 812, 813 (Tex. 1970); see also
Gene Duke Builders, Inc. v. Abilene Hous. Auth., 168 S.W.3d 215, 221 (Tex.
App.CEastland
2005, pet. filed).

However, Lamesa ISD concerned a claim for
breach of contract.  Our decision in that
case was influenced in part by the recent passage of Tex. Loc. Gov=t Code Ann. ''
271.151-.160 (Vernon 2005), which expressly waives immunity from suit for local
government entities including public school districts that enter into contracts
for the provision of goods and services. 
In this case, no breach of contract has been alleged.  Instead, Watley is alleging tort claims which
are governed by the Texas Tort Claims Act. 
Tex. Civ. Prac. & Rem. Code
Ann. ''
101.001-.109 (Vernon 2005).








The Tort Claims Act is a special provision that
waives immunity from suit only to a limited degree.  Tarrant County Hosp. Dist. v. Henry,
52 S.W.3d 434, 450 (Tex. App.CFort
Worth 2001, no pet.).  Section 11.151(a),
on the other hand, is a general waiver of immunity from suit.  If a general statutory provision conflicts
with a special provision, the provisions shall be construed, if possible, to
give effect to both.  See Tex. Gov=t Code Ann. '
311.026(a) (Vernon 2005).  Additionally,
if two statutes cannot be reconciled, we give precedence Ato the [Tort Claims Act] as the
later-enacted, more specific statute controlling waiver of sovereign immunity
from both suit and liability in tort cases.@  City of San Antonio v. Butler, 131
S.W.3d 170, 176 (Tex. App.CSan
Antonio 2004, pet. filed); see Tex.
Gov=t Code Ann. '
311.025 (Vernon 2005).  While we believe
that Section 11.151(a) of the Education Code is a general waiver of immunity
from suit, we conclude that the application of Section 11.151(a) is limited by
the Tort Claims Act.

A
governmental unit in the state is liable for:

 

(1) property damage, personal injury, and death
proximately caused by the wrongful act or omission or the negligence of an
employee acting within his scope of employment if:

 

(A) the property damage, personal injury, or death
arises from the operation or use of a motor-driven vehicle or motor-driven
equipment; and

 

(B) the employee would be personally liable to the
claimant according to Texas law; and

 

(2) personal injury and death so caused by a
condition or use of tangible personal or real property if the governmental unit
would, were it a private person, be liable to the claimant according to Texas
law.

 

Section 101.021.  There is
no waiver of immunity for intentional torts. 
See Section 101.057.  The
trial court, therefore, does not have jurisdiction over Watley=s common law causes of action, all of
which allege intentional torts.[4]  We sustain MISD=s
third issue on appeal.

Holland=s
Motion for Summary Judgment

We next turn our attention to Holland=s motion for summary judgment.  A person may appeal from an interlocutory order
of a district court that denies a motion for summary judgment that is based on
an assertion of immunity by an individual who is an officer or employee of the
state or a political subdivision of the state. 
Section 51.014(a)(5).  In Holland=s motion for summary judgment, he
asserted the affirmative defenses of educator immunity and derivative immunity.








We need not address Holland=s
first issue on appeal concerning the issue of educator immunity because we hold
that Holland is entitled to derivative immunity as a matter of law.  The language of former Section 101.106, as
written at the time this lawsuit was filed, provided:  AA
judgment in an action or a settlement of a claim under this chapter bars any
action involving the same subject matter by the claimant against the employee
of the governmental unit whose act or omission gave rise to the claim.@[5]

We have rendered judgment in favor of MISD on its
plea to the jurisdiction, holding that Watley=s
common law causes of action are not cognizable under the Texas Tort Claims
Act.  This judgment confers derivative
immunity on Holland, an employee of MISD. 
See Coffey v. Johnson, 142 S.W.3d 414, 418 (Tex. App.CEastland 2004, no pet.).  We sustain Holland=s
second issue on appeal. 

                                                               This
Court=s Ruling

We reverse the decision of the trial court and
render judgment in favor of MISD and Holland.

 

JIM
R. WRIGHT

CHIEF
JUSTICE

 

February
23, 2006

Panel
consists of:  Wright, C.J., and

McCall,
J., and McCloud, S.J.[6]

 

 











[1]Tex. Gov=t Code Ann. '' 554.001-.010 (Vernon 2004).





[2]We note in this regard that Watley did not file suit
until more than one year after her final separation from employment occurring
on June 2, 2000, even though the applicable limitations period for either
filing suit or initiating grievance proceedings is ninety days.  See Sections 554.005, 554.006(b).





[3]In light of Watley=s
assertion of a common law claim for retaliatory discharge, we need not consider
MISD=s contention that Watley did not exhaust her
administrative remedies in connection with a claim under Section 21.055.





[4] An intentional tort, as opposed to negligence, is one
in which the actor has the specific intent to inflict injury. See Eastland
County Coop. Dispatch v. Poyner, 64 S.W.3d 182, 192 (Tex. App.C Eastland 2001, pet. denied).  To the extent that Watley=s common law claim for retaliatory discharge might be
viable, it would also be in the nature of an intentional tort.





[5]This section was rewritten by Act of June 11, 2003,
78th Leg., R.S., ch. 204, ' 11.05 effective on September 1, 2003, and applies to
actions filed on or after the effective date. 
Section 101.106 as enacted in 1985 is the applicable version to
this case.





[6]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.