Order filed May 25, 2006









Order filed May 25, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                    __________

 

                                                          No. 11-04-00262-CV 

                                                     __________

 

                   MIDLAND
INDEPENDENT SCHOOL DISTRICT AND

                                       TOM
HOLLAND, Appellants

                                                             V.

                                   LAURA GINA
WATLEY, Appellee

 



 

                                           On
Appeal from the 142nd District Court

                                                          Midland
County, Texas

                                                   Trial
Court Cause No. CV-43,473

 



 

                                                                      O
R D E R

 

The
motion for rehearing filed by Laura Gina Watley is overruled.  Our former opinion and judgment dated
February 23, 2006, are withdrawn, and our opinion and judgment dated May 25,
2006, are substituted therefor.

 

JIM R. WRIGHT

May 25, 2006                                                                          CHIEF
JUSTICE

Panel consists of:  Wright, C.J., and 

McCall, J., and McCloud, S.J.[1]











 
 
  
 
 







 
 
  
 
 




Opinion filed May 25, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of
Appeals

                                                                   __________

 

                                                          No. 11-04-00262-CV 

                                                    __________

 

                   MIDLAND INDEPENDENT SCHOOL DISTRICT AND

                                       TOM
HOLLAND, Appellants

 

                                                             V.

 

                                   LAURA GINA WATLEY, Appellee

 



 

                                        On
Appeal from the 142nd District Court

 

                                                        Midland
County, Texas

 

                                                Trial
Court Cause No. CV-43,473

 

 



 

                                                                   O
P I N I O N

 

In this interlocutory appeal, Midland Independent
School District (MISD) and Tom Holland (MISD=s
assistant superintendent for personnel) appeal the trial court=s denial of MISD=s
plea to the jurisdiction and Holland=s
motion for summary judgment.  We reverse
and render.








                                                               Background
Facts

Laura Gina Watley was employed by MISD from
September 1990 until June 2000.  On or
about February 10, 2000, Watley was asked to prepare a written statement
concerning the conduct of her supervisor, Dr. Ruby Morris, who was under
investigation in a grievance proceeding. 
Upon learning of this statement, Dr. Morris allegedly demanded that
Watley prepare a fraudulent letter recanting her statement.  On March 10, 2000, Dr. Morris fired Watley
allegedly because Watley refused to redact her statement.  In response to Dr. Morris=s action, Watley prepared a written
grievance statement and submitted it to Dan Walkenshaw, MISD Chief of Police.

On March 13, 2000, Holland reinstated Watley to a
new position at MISD with the same pay and benefits as her previous
position.  As a result of her
reinstatement, Watley withdrew her grievance.

On June 2, 2000, Watley was informed by Holland
that she would no longer be employed by MISD. 
The parties disagree with respect to MISD=s
characterization of Watley=s
separation of employment on June 2, 2000. 
MISD describes Watley=s
separation as a termination as a result of her failure to attend a mandatory
meeting.  Watley contends that MISD
informed her that she had Avoluntarily
resigned@ for her
failure to attend the required meeting. 
Watley further contends that she Adid
not discover that her resignation was actually a termination@ until after the filing of the
underlying lawsuit.  As set forth in
greater detail below, Watley relies heavily on her characterization of the June
2, 2000 separation as a resignation rather than a termination.  Irrespective of its characterization, Watley did
not file a grievance after the June 2, 2000 separation from employment.     On
August 17, 2001, Watley filed suit against MISD, Holland, and the Estate of Dr.
Ruby Morris.  Watley alleged a cause of
action under the Texas Whistleblower Act[2]
and also alleged claims for retaliatory discharge, assault, intentional
infliction of emotional distress, and intentional misrepresentation.  On September 19, 2002, MISD filed a plea to
the jurisdiction, and Holland filed a motion for summary judgment.  The trial court denied both the plea to the
jurisdiction and the motion for summary judgment.  This accelerated appeal followed.








MISD=s
Plea to the Jurisdiction

This court has jurisdiction to review an interlocutory
order of a district court that grants or denies a plea to the jurisdiction by a
governmental unit.  See Tex. Civ. Prac. & Rem. Code Ann. ' 51.014(a)(8) (Vernon Supp. 2005).  We review de novo the trial court=s ruling on a plea to the
jurisdiction.  See United Water
Servs., Inc. v. City of Houston, 137 S.W.3d 747, 749 (Tex. App.C 
Houston [1st Dist.] 2004, pet. filed). 
A court deciding a plea to the jurisdiction is not required to look
solely to the pleadings but may consider evidence and must do so when necessary
to resolve the jurisdictional issues raised. 
Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 555 (Tex.
2000).  We do not look at the merits of
the case.  County of Cameron v. Brown,
80 S.W.3d 549, 555 (Tex. 2002).  We
construe the pleadings liberally in favor of conferring jurisdiction.  Texas Dep=t
of Transp. v. Ramirez, 74 S.W.3d 864, 867 (Tex. 2002).

In three issues on appeal, MISD argues that it is
entitled to governmental immunity from Watley=s
Whistleblower-Act claim; from her claim of retaliatory discharge; and from her
claims of assault, intentional infliction of emotional distress, and
intentional misrepresentation.

                                           The
Whistleblower-Act Claim Against MISD

MISD argues that Watley failed to comply with the
requirements of Tex. Gov=t Code Ann. ' 554.006 (Vernon 2004) regarding the
timely initiation of administrative remedies before filing suit under the
Whistleblower Act.  Section 554.006(a)
requires a claimant under the Whistleblower Act 
to initiate Agrievance
or appeal procedures of the employing state or local governmental entity
relating to suspension or termination of employment or adverse personnel action
before suing under [the Act].@  Section 554.006(b) requires the grievance
procedures to be instituted not later than ninety days after the alleged
violation of the Whistleblower Act occurred or was discovered by the employee
by reasonable diligence.  Section
554.006(d) provides that, if a final decision is not rendered on the grievance
before the sixty-first day after the grievance is initiated, the employee may
elect to either (1) exhaust the applicable grievance proceedings prior to filing
suit or (2) terminate the proceedings and bring suit within the applicable
limitations period set out in Section 554.005. 








Watley contends in her brief that she complied
with the requirements of Section 554.006 in the following manner:

Ms. Watley was required to initiate grievance
proceedings, not exhaust them.  She
initiated her grievance against MISD on or about March 10, 2000, one business
day after her termination.  MISD rehired
Ms. Watley on March 13, 2000, per the express instruction of the MISD
superintendent and conditioned on the withdrawal of Ms. Watley=s grievance.  Ultimately, Ms. Watley resigned for failure
to attend a meeting she never knew about.[3]  MISD now contends that Ms. Watley should be
precluded from filing suit even though they thwarted Ms. Watley=s March grievance and never notified
her of a subsequent termination.  Ms.
Watley adequately initiated the grievance proceedings, and should not be barred
from raising her Whistleblower claim.

 

We agree that Watley is not required to exhaust administrative
remedies prior to filing suit under the Whistleblower Act.  See University of Texas Medical Branch at
Galveston v. Barrett, 159 S.W.3d 631, 632 (Tex. 2005).  However, we disagree with Watley=s contention that she satisfied the
requirement of Section 554.006(a) to timely initiate grievance or appeal
procedures prior to filing suit.

Section 554.006(b) provides that A[t]he employee must invoke the
applicable grievance or appeal procedures not later than the 90th day after the
date on which the alleged violation of this chapter:  (1) occurred; or (2) was discovered by the
employee through reasonable diligence.@
Watley alleged two violations of the Whistleblower Act in her second amended
original petition: (1) the March 10, 2000 termination; and (2) the June 2, 2000
termination.

Watley essentially asserts that the termination
which occurred on March 10, 2000, was the only event requiring her compliance
with Section 554.006(a). She bases this assertion on two contentions:  (1) 
MISD rehired her on March 13, 2000, in order to obtain the withdrawal of
her grievance; and (2) she did know that the separation which occurred on June
2, 2000, was a termination at the time that it occurred.  








Watley contends that she complied with the
requirements of Section 554.006 when she filed a grievance after the March 10,
2000 termination.  While Watley initiated
a grievance in the technical sense after the March 10, 2000 termination, she
immediately withdrew it when MISD rehired her. 
We conclude that the mere filing of a grievance, followed by the
immediate withdrawal, does not satisfy the requirements of Section 554.006
because it does not provide the governmental entity with an opportunity to
resolve the employee=s
whistleblower complaint under its applicable administrative procedures prior to
suit being filed.  To hold otherwise
would render the requirements of Section 554.006 meaningless.








Even if we assume that Watley is correct in
asserting that MISD rehired her in an effort to thwart her grievance, we cannot
ignore the events that transpired afterwards. 
Watley=s
subsequent period of employment only lasted from March 13, 2000, until June 2,
2000.   Irrespective of the
characterization of the separation from employment occurring on June 2, 2000,
as either a termination or resignation, it was clearly involuntary.[4]   After the separation occurring on June 2,
2000, Watley did not attempt to either re-institute her previous grievance with
regard to the March 10, 2000, termination or file a new grievance with respect
to the involuntary separation which occurred on June 2, 2000.  Instead, she waited for more than one year
after the June 2, 2000, separation before filing suit.[5]    

As noted previously, Section 554.006(b) requires
the claimant to invoke grievance proceedings within 90 days of when the alleged
violation A(1)
occurred[] or (2) was discovered by the employee through reasonable
diligence@
(emphasis added).  Given the involuntary
nature of the June 2, 2000 termination, Watley should have known on that date
through the exercise of reasonable diligence of the alleged violations of the
Whistleblower Act for which she now seeks a recovery.  

In summary, we find that Watley did not initiate
grievance proceedings as required by Section 554.006.  She immediately withdrew the grievance filed
after the March 10, 2000 termination without ever attempting to re-institute it
prior to filing suit.  Furthermore, she
did not institute a grievance of any kind after the involuntary separation from
employment occurring on June 2, 2000. 
These omissions are jurisdictional defects which preclude Watley from
bringing her Whistleblower claim. Montgomery County Hosp. Dist. v. Smith,
181 S.W.3d 844, 850-53 (Tex. App.CBeaumont
2005, no pet.).[6]
We sustain MISD=s first
issue on appeal. 

                                    Watley=s Retaliatory-Discharge Claim Against
MISD

In addition to her claim under the Whistleblower
Act, Watley alleged a claim against MISD for retaliatory discharge.  MISD addresses this claim in its second
issue.  Watley cited Tex. Lab. Code Ann. ' 21.055 (Vernon 1996) in her trial
court pleadings in connection with this claim. 
She has subsequently asserted in her appellate briefs that her claim for
retaliatory discharge is a common law claim rather than a statutory claim under
Section 21.055.[7]  Watley has additionally asserted a claim for
retaliatory discharge under Sabine Pilot Service, Inc. v. Hauck, 687
S.W.2d 733 (Tex. 1985), in her appellate briefs.

MISD contends that a common law cause of action
for retaliatory discharge does not exist. 
We agree.  The Dallas Court of
Appeals rejected an argument for the creation of a common law claim for
retaliatory discharge in Guiet v. Hogan & Associates, Inc., No.
05-98-01560-CV, 2001 WL 722559 (Tex. App.CDallas
June 28, 2001, pet. denied)(not designated for publication).  The court determined that a common law claim
for retaliatory discharge is inconsistent with the general rule that an action
for wrongful termination will not lie in favor of an at-will employee except in
very limited exceptions, most of which have been created by statute.   We agree with the court=s holding in Guiet.

The Texas Supreme Court created a common law cause
of action to protect at-will employees in Sabine Pilot for cases in
which an employee is terminated for refusing to perform an illegal act.  Sabine Pilot, 687 S.W.2d at 735.  However, the exception created by Sabine
Pilot does not overcome a governmental entity=s
sovereign immunity.  See Salazar v.
Lopez, 88 S.W.3d 351, 352-53 (Tex. App.CSan
Antonio 2002, no pet.); Univ. of Texas Med. Branch at Galveston v. Hohman,
6 S.W.3d 767, 777 (Tex. App.CHouston
[1st Dist.] 1999, pet. dism=d
w.o.j.);  Carroll v. Black, 938
S.W.2d 134, 135 (Tex. App.CWaco
1996, writ denied).  MISD=s second issue is sustained.

                                                Watley=s Other Claims Against MISD








Watley also asserted a claim against MISD for
intentional infliction of emotional distress. MISD addresses this claim in its
third issue.  Since this claim involves
the allegation of an intentional tort, we find that Tex. Civ. Prac. & Rem. Code Ann. '101.057
(Vernon 2005) precludes it from being asserted against MISD under the Tort
Claims Act.  See Tex. Civ. Prac. & Rem. Code Ann. '' 101.001-.109 (Vernon 2005 &
Supp. 2005).

Sovereign immunity encompasses two distinct areas:
(1) immunity from suit and (2) immunity from liability.  Gendreau v. Med. Arts Hosp., 54 S.W.3d
877, 878 (Tex. App.C Eastland
2001, pet. denied).  Immunity from suit
bars an action against the school district unless consent to sue has been
expressly granted.  See Texas Dep=t of Transp. v. Jones, 8 S.W.3d
636, 638 (Tex. 1999).

Watley argues that sovereign immunity for school
districts has been waived by Tex. Educ.
Code Ann. '
11.151(a) (Vernon Supp. 2005) which provides:

The trustees of an independent school district
constitute a body corporate and in the name of the district may acquire and
hold real and personal property, sue and be sued, and receive bequests
and donations or other moneys or funds coming legally into their hands
(emphasis added).

 

In Lamesa Independent School District v. Booe,
No. 11-03-00394-CV, 2005 WL 2090670 (Tex. App.CEastland
Aug. 31, 2005, pet. filed)(mem. op.), this court held that the Asue and be sued@
language of Section 11.151(a) clearly and unambiguously waives a school
district=s
immunity from suit.  Our decision was
based on the holding of the Texas Supreme Court that Asue
and be sued@ language
is Aquite plain and gives general consent@ for a governmental entity to be
sued.  Mo. Pac. R.R. Co. v.
Brownsville Navigation Dist., 453 S.W.2d 812, 813 (Tex. 1970); see also
Gene Duke Builders, Inc. v. Abilene Hous. Auth., 168 S.W.3d 215, 221 (Tex.
App.CEastland
2005, pet. filed).

However, Lamesa ISD concerned a claim for
breach of contract.  Our decision in that
case was influenced in part by the recent passage of Tex. Loc. Gov=t Code Ann. ''
271.151-.160 (Vernon 2005), which expressly waives immunity from suit for local
governmental entities including public school districts that enter into
contracts for the provision of goods and services.  In this case, no breach of contract has been
alleged.  Instead, Watley is alleging
tort claims which are governed by the Texas Tort Claims Act.








The Tort Claims Act is a special provision that
waives immunity from suit only to a limited degree.  Tarrant County Hosp. Dist. v. Henry,
52 S.W.3d 434, 450 (Tex. App.CFort
Worth 2001, no pet.).  Section 11.151(a),
on the other hand, is a general waiver of immunity from suit.  If a general statutory provision conflicts
with a special provision, the provisions shall be construed, if possible, to
give effect to both.  See Tex. Gov=t Code Ann. '
311.026(a) (Vernon 2005).  Additionally,
if two statutes cannot be reconciled, we give precedence Ato the [Tort Claims Act] as the
later-enacted, more specific statute controlling waiver of sovereign immunity
from both suit and liability in tort cases.@  City of San Antonio v. Butler, 131
S.W.3d 170, 176 (Tex. App.CSan
Antonio 2004, pet. filed); see Tex.
Gov=t Code Ann. '
311.025 (Vernon 2005).  While we believe
that Section 11.151(a) of the Education Code is a general waiver of immunity
from suit, we conclude that the application of Section 11.151(a) is limited by
the Tort Claims Act.

Under
the Tort Claims Act, a governmental unit in the state is liable for:

 

(1) property damage, personal injury, and death
proximately caused by the wrongful act or omission or the negligence of an
employee acting within his scope of employment if:

 

(A) the property damage, personal injury, or death
arises from the operation or use of a motor-driven vehicle or motor-driven
equipment; and

 

(B) the employee would be personally liable to the
claimant according to Texas law; and

 

(2) personal injury and death so caused by a
condition or use of tangible personal or real property if the governmental unit
would, were it a private person, be liable to the claimant according to Texas
law.

 

Section 101.021.  There is
no waiver of immunity for intentional torts under the Tort Claims Act.  See Section 101.057.  The trial court, therefore, does not have
jurisdiction over Watley=s
claim for intentional infliction of emotional distress against MISD.[8]  We sustain MISD=s
third issue on appeal.[9]

 

 








Holland=s
Motion for Summary Judgment

We next turn our attention to Holland=s motion for summary judgment.  Holland asserted the affirmative defenses of
derivative immunity and educator immunity in his motion for summary judgment
which the trial court denied.  A person
may appeal from an interlocutory order of a district court that denies a motion
for summary judgment that is based on an assertion of immunity by an individual
who is an officer or employee of the state or a political subdivision of the
state.  See Tex. Civ. Prac. & Rem. Code Ann. ' 51.014(a)(5) (Vernon Supp. 2005).

Holland=s
derivative immunity contention is premised on the former version of Tex. Civ. Prac. & Rem. Code Ann. ' 101.106 (Vernon 2005).  The language of former Section 101.106, as
written at the time this lawsuit was filed, provided:  AA
judgment in an action or a settlement of a claim under this chapter bars any
action involving the same subject matter by the claimant against the employee
of the governmental unit whose act or omission gave rise to the claim.@[10]
Thus, the claims asserted against Holland are barred under former Section
101.106 if they involve the same subject matter as the claims asserted against
MISD under the Tort Claims Act for which we have rendered judgment in favor of
MISD on its plea to the jurisdiction.  See
Harris County v. Sykes, 136 S.W.3d 635 (Tex. 2004).

Watley asserted claims against Holland for
intentional infliction of emotional distress and intentional
misrepresentation.  Watley premised her
claim of intentional infliction of emotional distress against Holland on his
participation in her termination.  In
addition to naming Holland, Watley also identified MISD as a party liable to
her for intentional infliction of emotional distress 

 

with respect to her termination.[11]  We have previously determined that sovereign
immunity under the Tort Claims Act has not been waived for this claim with
respect to MISD.  Accordingly, former
Section 101.106 precludes Watley from asserting the same claim against  Holland. 









Watley attempts to distinguish her claim of
intentional misrepresentation on the basis that she only asserted it against
Holland.  This fact is not controlling,
however, because former Section 101.106 applies to actions involving the same
subject matter.  In Dallas County
Mental Health & Mental Retardation v. Bossley, 968 S.W.2d 339, 344
(Tex. 1998),  the supreme court
interpreted the meaning of Athe
same subject matter@ to
mean:  Aarising
out of the same actions, transactions, or occurrences.@  Watley premised her claim of intentional
misrepresentation against Holland on his purported misrepresentation that she
would have continued employment with MISD if she withdrew her grievance.

We conclude that Watley=s
claim for intentional misrepresentation against Holland arises from the same
actions, transactions, and occurrences for which she seeks to impose liability
against 

MISD under the Tort Claims Act. 
Watley is primarily seeking redress for her termination from employment
with MISD with respect to her claims against MISD and Holland.  The facts involved with her claim against
Holland for intentional misrepresentation are part and parcel of her
allegations regarding her wrongful termination claim.  Accordingly, our determination that Watley=s claims against MISD are not permitted
by the Tort Claims Act confers derivative immunity upon Holland under Section
101.106.  See Coffey v. Johnson,
142 S.W.3d 414, 418 (Tex. App.CEastland
2004, no pet.).  Accordingly, we sustain
Holland=s second
issue on appeal.  We need not address
Holland=s first
issue on appeal concerning the issue of educator immunity because we hold that
Holland is entitled to derivative immunity as a matter of law.

 

 

 

                                                Watley=s Request to File a Reply Brief

Watley asserts in her motion for rehearing that we
erred in failing to grant her motion to file a reply belief.[12]  She has addressed in the motion for rehearing
the matters which she would have raised in a reply brief.  In light of our consideration of the matters
raised in Watley=s motion
for rehearing, her complaint regarding the denial of her request to file a
reply brief is moot.

                                                               This
Court=s Ruling

We reverse the decision of the trial court and
render judgment in favor of MISD and Holland.

 

May
25, 2006                                                                          JIM
R. WRIGHT

Panel
consists of:  Wright, C.J., and                                          CHIEF
JUSTICE

McCall,
J., and McCloud, S.J.[13]











[1]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.





[2]Tex. Gov=t Code Ann. '' 554.001-.010 (Vernon 2004).





[3]The characterization of the June 2, 2000 separation
from employment contained in Watley=s brief
differs from her description of the event in her second amended original
petition wherein she stated:  ASubsequently, Ms. Carrasco, the MISD personnel
coordinator, informed Ms. Watley that she had been terminated and would not be
assured a job the following year as promised by Dr. Holland.@





[4]Watley testified as follows with regard to her beliefs
immediately following the June 2, 2000 separation:

 

Q: Okay.  And
about an hour after your phone conversation with Tom Holland on June 2nd, 2000,
--

 

A: Uh-huh.

 

Q: -- a lightbulb went off in your head, right?

 

A: Yes.

 

Q: And at that point, you knew that Tom Holland had
lied to you, right?

 

A: Right.

 

Q: Or you believed he lied to you, right?

 

A: No, he lied to me.

 

Q: Okay.  You
knew you didn=t have a job?

 

A: Right.

 

Q: And you knew that the fact that you not having a job
was traceable back to your submission of Deposition Exhibit Number 1, right?

 

A: Right.

 

Q: Okay.  At that
point B or since that point when the lightbulb went off and
you realized all of this, have you ever filed any grievance with Midland ISD?

 

A: No.

 

Q: Have you pursued any grievance with the Commissioner
of Education with the Texas Education Agency?

 

A: No.

 

Q: Have you filed any grievance or charge of
discrimination with the EEOC or the Texas Commission on Human Rights?

 

A: No.

 

FOOTNOTE 4 CONTINUED:

 

When asked why she did not file a grievance, Watley
responded, AI don=t know.  I think
the breath was knocked out of me.  You
know, I was 40 years old almost and had to go find a new job.  So I didn=t do
anything but go look for a new job.@





[5]We note that the applicable limitations period for
either filing suit or initiating grievance proceedings under the Whistleblower
Act  is ninety days.  See Sections 554.005, 554.006(b).





[6]In Barrett, the supreme court expressly declined
to resolve whether the failure of an aggrieved public employee to initiate a
grievance procedure in compliance with Section 554.006 constitutes a
jurisdictional defect.  159 S.W.3d at
632-33.  The Beaumont Court of Appeals
subsequently addressed this question in Smith.  The court held in Smith that the
claimant=s failure to initiate grievance proceedings constituted
a jurisdictional defect under Section 554.006 which barred suit.  181 S.W.3d at 850-53.  In reaching its holding in Smith, the
court noted that the Texas Legislature recently added the following language to
Tex. Gov=t Code Ann. ' 311.034 (Vernon Supp. 2005): AStatutory prerequisites to a suit, including the
provision of notice, are jurisdictional requirements in all suits against a
governmental entity.@  Id. at
851.





[7]In light of Watley=s
assertion of a common law claim for retaliatory discharge, we need not consider
MISD=s contention that Watley did not exhaust her
administrative remedies in connection with a claim under Section 21.055.





[8]An intentional tort, as opposed to negligence, is one
in which the actor has the specific intent to inflict injury. See Eastland
County Coop. Dispatch v. Poyner, 64 S.W.3d 182, 192 (Tex. App.CEastland 2001, pet. denied).  To the extent that Watley=s common law claim for retaliatory discharge might be
viable, it would also be in the nature of an intentional tort.





[9]MISD=s third issue also addresses claims for assault and
intentional misrepresentation which Watley asserted in her pleadings.  Watley contends in her motion for rehearing
that she did not assert claims for assault and intentional misrepresentation
against MISD.  Assuming, without
deciding, that Watley asserted claims of assault and intentional
misrepresentation against MISD, these claims would also be barred by Section
101.057 of the Tort Claims Act because they are also intentional torts.





[10]This section was rewritten by Act of June 11, 2003,
78th Leg., R.S., ch. 204, ' 11.05 effective on September 1, 2003, and applies to
actions filed on or after the effective date. 
Section 101.106 as enacted in 1985 is the applicable version to
this case.





[11]Watley alleged as follows in her second amended
original petition: AThe wrongful termination of Ms. Watley by Dr. Morris,
Tom Holland, Adelita Carrasco, and MISD collectively was likewise extreme and
outrageous and caused severe emotional distress to Ms. Watley.@





[12]We note that the Rules of Appellate Procedure provide
that only an appellant may file a reply brief as a matter of right.  See Tex.
R. App. P. 38.3.





[13]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.