

IN THE
TENTH COURT OF APPEALS

—————————

No. 10-11-00016-CV

BOSQUE TRADING ENTERPRISES, INC.,
NAZINA MAWJI AND KAMAL MAWJI,

                                        Appellants

 v.

BUSINESS LOAN CENTER, LLC.
AND STEWART TITLE GUARANTY COMPANY,

                                        Appellees

—————————

From the 220th District Court
Bosque County, Texas
Trial Court No. 09-09-22409

—————————————————————————————

MEMORANDUM  OPINION

—————————————————————————————

Bosque Trading Enterprises, Inc., Nazina Mawji, and Kamal Mawji (hereinafter

"Bosque") appeal from a final judgment that granted a traditional and no-evidence

motion for summary judgment in favor of Ciena Capital, LLC, f/k/a Business Loan

Center, LLC (BLC) and struck certain third party defendants that Bosque had attempted

to add.  Bosque complains that the trial court erred by granting the motion for summary

judgment on both the traditional and no-evidence grounds and abused its discretion by striking the third party defendants. Because we find no reversible error, we affirm the judgment of the trial court.

*Procedural History*

In 2007, Bosque entered into a promissory note for the purchase of a convenience store.[1] The Mawjis each personally guaranteed the loan, and Bosque later defaulted on the loan. In September of 2009, BLC filed suit against Bosque and the Mawjis for a declaratory judgment of its rights on the note, for a judgment for the deficiency on the note, and for attorney's fees. The petition contained a request for disclosure pursuant to rule 194 of the Rules of Civil Procedure.

In November of 2009, Bosque filed its original answer and listed "estoppel, quasi estoppel, judicial estoppel, and unclean hands" as affirmative defenses and asserted counterclaims against BLC for:

a. Violations of the Texas Finance Act;
b. Violations of the applicable Texas collection debt practices laws;
c. Predatory lending practices which violate the public policy of the State of Texas;
d. Conspiracy to harm Bosque and Mawji; and
e. Fraud upon Bosque and Mawji.

---

[1] One of Bosque's primary contentions is that it believed that two convenience stores were included in the purchase; however, the deed of trust executed at the same time contains only one property description. Ultimately, however, whether there were one or two stores involved in the purchase is irrelevant because of our resolution of this appeal on other grounds.

Bosque sought actual and exemplary damages and attorney's fees for these counterclaims. On May 28, 2010, Bosque amended its pleadings and added third party defendants T.S.G. Associates, Inc., d.b.a. DFW Business Consultants, Stewart Title Company, Vickie W. Demik, and Bryan Owens. Owens filed a motion to strike pursuant to rule 38 in August of 2010 and was nonsuited from the case in November of 2010. On October 12, 2010, Bosque amended its counterclaims to remove Stewart Title Company and to add Stewart Title Guaranty Company and Ciena Capital, LLC as counter-defendants.

In August of 2010, BLC amended its petition and filed a traditional and no-evidence motion for summary judgment, which was set for hearing on October 14, 2010. It was not until October 12, 2010 that Bosque served its responses to the request for disclosure and its response to the motion for summary judgment. BLC objected to the affidavits attached to the motion for summary judgment and asked that they be stricken pursuant to rule 193.6 of the rules of civil procedure and because they contained inadmissible hearsay, were conclusory, and because the Mawjis had both signed one affidavit. The trial court granted BLC's objections and struck Bosque's summary judgment evidence in its entirety. After taking the matter under advisement, the trial court then granted BLC's traditional and no-evidence motion for summary judgment later in October of 2010.

In November of 2010, BLC and Stewart Title Guaranty Company each filed a motion to strike the additional third party defendants because Bosque did not comply with rule 38(a) of the rules of civil procedure. The trial court granted those motions and struck the remaining third-party defendants. The trial court then entered a final judgment disposing of all claims and parties.

*Standard of Review for Summary Judgment*

When a party moves for summary judgment under both the traditional and no-evidence standards on the same issue, we first address the no-evidence standard of Rule 166a(i). *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004); Tex. R. Civ. P. 166a(i). If the nonmovant fails to produce more than a scintilla of evidence under that burden, then there is no need to analyze whether the movant's proof satisfies the traditional motion's burden. *Ridgway*, 135 S.W.3d at 600.

*No-Evidence Summary Judgment*

In its second issue Bosque complains that the trial court erred by granting BLC's no-evidence motion for summary judgment because the motion was insufficient as a matter of law as it did not specify any elements it was challenging. The party moving for a no-evidence summary judgment must specifically state the elements as to which there is allegedly no evidence. *See* TEX. R. CIV. P. 166a(i); *Humphrey v. Pelican Isle Owners Ass'n*, 238 S.W.3d 811, 813-14 (Tex. App.—Waco 2007, no pet.). As the Texas Supreme Court has explained, the "'motion must be specific in challenging the evidentiary

support for an element of a claim or defense; paragraph (i) does not authorize conclusory motions or general no-evidence challenges to an opponent's case.'" *Timpte Indus. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009) (*quoting* TEX. R. CIV. P. 166a(i) cmt.).

Bosque objected to the lack of specificity in BLC's no-evidence motion for summary judgment in their timely-filed response to the motion. *See Watson v. Dallas Indep. Sch. Dist.*, 135 S.W.3d 208, 227 (Tex. App.—Waco 2004, no pet.), *disapproved of on other grounds by Univ. of Tex. Med. Branch at Galveston v. Barrett*, 159 S.W.3d 631, 48 Tex. Sup. Ct. J. 472 (Tex. 2005). However, in addition to its written objections, Bosque was required to obtain a ruling on what were, in essence, special exceptions in order to preserve the issue for appeal. *Rosas v. Hatz*, 147 S.W.3d 560, 562 (Tex. App.—Waco 2004, no pet.); *Watson v. Dallas Independent School Dist.*, 135 S.W.3d 208, 227-29 (Tex. App.—Waco, 2004, no pet.). There is no indication that Bosque's objections were ruled on. Nor does the trial court's granting of the no-evidence summary judgment motion imply a ruling on a special exception. *See Rosas*, 147 S.W.3d at 562. Nothing in the record suggests the trial court actually ruled on Bosque's objections to the no-evidence motion for summary judgment. Because Bosque failed to obtain a ruling from the trial court on its objections the complaint regarding the form of the motion for no-evidence summary judgment has been waived. *Rosas*, 147 S.W.3d at 563.

*Striking of Bosque's Summary Judgment Evidence*

Bosque complains that the trial court abused its discretion by striking its summary judgment evidence because it was an improper sanction for its failure to respond to the request for disclosure. BLC filed a motion to strike Bosque's evidence pursuant to rule 193.6 of the rules of civil procedure. TEX. R. CIV. P. 193.6. Rule 193.6 of the Texas Rules of Civil Procedure applies to summary judgment proceedings. *Fort Brown Villas III Condo. Ass'n, Inc. v. Gillenwater*, 285 S.W.3d 879, 882 (Tex. 2009) (holding trial court properly struck expert's affidavit when nonmovant did not timely disclose the expert pursuant to scheduling order deadlines). Rule 193.6 governs untimely discovery responses and provides the following:

193.6 Failing to Timely Respond—Effect on Trial

(a) Exclusion of Evidence and Exceptions. A party who fails to make, amend, or supplement a discovery response in a timely manner may not introduce in evidence the material or information that was not timely disclosed, or offer the testimony of a witness (other than a named party) who was not timely identified, unless the court finds that:

(1) there was good cause for the failure to timely make, amend, or supplement the discovery response; or

(2) the failure to timely make, amend, or supplement the discovery response will not unfairly surprise or unfairly prejudice the other parties.

(b) Burden of Establishing Exception. The burden of establishing good cause or the lack of unfair surprise or unfair prejudice is on the party seeking to introduce the evidence or call the witness. A finding of

> good cause or of the lack of unfair surprise or unfair prejudice must be supported by the record.

Tᴇx. R. Cɪv. P. 193.6(a), (b).

The clear language of rule 193.6 demonstrates that the consequence for a party's failure to respond to a discovery request is the mandatory exclusion of the evidence requested. *See Alvarado v. Farah Mfg. Co.*, 830 S.W.2d 911, 914 (Tex. 1992) (applying former rule 215(5), the predecessor to rule 193.6); *F & H Invs., Inc. v. State*, 55 S.W.3d 663, 669 (Tex. App.—Waco 2001, no pet.). A party who fails to make, amend, or supplement a discovery response in a timely manner may not introduce in evidence the material or information that was not timely disclosed unless the court finds that (1) there was good cause for the failure to timely disclose or (2) the failure will not unfairly surprise or prejudice the other parties. *Tex. Mun. League Intergovernmental Risk Pool v. Burns*, 209 S.W.3d 806, 817 (Tex. App.—Fort Worth 2006, no pet.) (*citing* Tᴇx. R. Cɪv. P. 193.6(a)). The trial court has discretion to determine whether the party that did not make a timely discovery response has met its burden. *Id*. (*citing Alvarado*, 830 S.W.2d at 914).

Bosque did not at any time seek relief from the trial court relating to its untimely response to BLC's request for disclosure. In other words, Bosque never asked the trial court for leave to serve late responses to BLC's request for disclosure, nor does it contend on appeal that it should have been permitted to rely upon the late discovery responses. The trial court had discretion to determine whether Bosque had met its burden of showing good cause or lack of surprise; but the trial court has no discretion to

consider evidence excluded by the rule without a showing of good cause or lack of surprise. *See Alvarado*, 830 S.W.2d at 914. We have found nothing in the record before us to indicate that Bosque ever gave any reason or defense for not timely answering the request for disclosure and thus failed to meet its burden.

With no attempt to establish good cause or lack of surprise by Bosque, the trial court did not abuse its discretion by striking Bosque's summary judgment evidence. Therefore, Bosque was properly barred from relying on that evidence to defend BLC's motion for summary judgment. *See* TEX. R. CIV. P. 193.6. Because Bosque's summary judgment evidence was stricken in its entirety, the trial court did not abuse its discretion in granting BLC's no-evidence motion for summary judgment. We overrule issue two.

*Traditional Motion for Summary Judgment*

In its first issue, Bosque complains that the trial court erred by granting BLC's traditional motion for summary judgment because its evidence was improperly stricken. Further, Bosque complains that the improperly stricken evidence raised a fact question, rendering traditional summary judgment improper. Under the traditional summary-judgment standard of Rule 166a(c), the movant has the burden to show that no genuine issues of material fact exist and that it is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985).

In determining whether there are disputed issues of material fact, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference in the nonmovant's favor. *Nixon*, 690 S.W.2d at 548-49. Once the movant establishes its right to summary judgment as a matter of law, the burden shifts to the non-movant to present evidence raising a genuine issue of material fact, which precludes the summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979); *Talford v. Columbia Med. Ctr. at Lancaster Subsidiary, L.P.*, 198 S.W.3d 462, 464 (Tex. App.—Dallas 2006, no pet.). A party relying on an affirmative defense to defeat a motion for summary judgment must raise a genuine issue of fact as to each element of the defense. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984); *Birenbaum v. Option Care, Inc.*, 971 S.W.2d 497, 504 (Tex. App.—Dallas 1997, pet. denied).

*Striking of Bosque's Summary Judgment Evidence*

Bosque also complains that the trial court abused its discretion by striking its summary judgment evidence as it relates to the traditional motion for summary judgment. However, we have determined that the trial court did not abuse its discretion by striking Bosque's summary judgment evidence. Therefore, Bosque was properly barred from relying on that evidence in support of its affirmative defenses in response to BLC's traditional motion for summary judgment. *See* TEX. R. CIV. P. 193.6. Because the trial court did not abuse its discretion in striking Bosque's evidence on its affirmative defenses in response to the motion for summary judgment, the trial court

appropriately granted BLC's traditional motion for summary judgment.[2]  We overrule issue one.

### *Third-Party Defendants*

Bosque complains in its third issue that the trial court erred by granting BLC's and Stewart Title Guaranty Company's motions to strike third-party defendants pursuant to rule 38(a) of the rules of civil procedure.  Rule 38(a) allows a defendant to add a third-party defendant to a cause of action within thirty days of the filing of the defendant's original answer, but requires that leave of court be obtained to add third-party defendants after that initial thirty days.  TEX. R. CIV. P. 38(a).  Bosque does not argue that it attempted to obtain leave of court or that the parties added were not properly classified as third-party defendants, so we will not address those issues. Rather, Bosque contends that it was an abuse of discretion for the trial court to apply the rule to this proceeding.  We disagree.  Rule 38 is clear that leave of court is required to add third-party defendants.  Bosque did not attempt to comply with the rule.  The trial court did not abuse its discretion by granting the motions to strike the third-party defendants.  We overrule issue three.

---

[2] Bosque does not complain that BLC's evidence standing alone was insufficient to sustain the traditional summary judgment.

*Conclusion*

Finding no reversible error, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed October 11, 2012
[CV06]