CITY OF DALLAS, Appellant

v.

Kenneth WATTS, Appellee.

No. 05–07–00996–CV.

Court of Appeals of Texas, Dallas.

March 31, 2008.

Caroline Jordan, Barbara E. Rosenberg, City of Dallas Attorney's Office, Dallas, for Appellant.

Christopher David Livingston, Philip L. Burleson, Lyon, Gorsky, Haring & Gilbert, LLP, Dallas, for Appellee.

Before Justices WHITTINGTON, RICHTER, and MAZZANT.

## OPINION

Opinion by Justice WHITTINGTON.

The trial judge denied the City of Dallas's plea to the jurisdiction. The City appeals, alleging appellee Kenneth Watts

failed to satisfy the jurisdictional prerequisites to filing suit. We affirm the trial court's denial of the City's plea.

Watts was employed by the City of Dallas. The City initiated disciplinary proceedings against him. As required by the City's personnel rules, the City gave Watts notice of a pre-termination hearing scheduled for May 25, 2006, at 10:30 a.m. Watts appeared with his union representative at the designated place and time and checked in. The Department Director who was to conduct the hearing was engaged in another hearing at the time Watts arrived. Watts waited ten or fifteen minutes, then left. By the time the Department Director appeared to convene the hearing, Watts was gone, but he left a written response for the Director's review.

The Director convened the hearing, decided to discharge Watts, and issued a written termination letter. Watts attempted to appeal his termination to the City's Civil Service Trial Board. Because the Director's termination notice recited that Watts did not appear for his hearing, his appeal was denied. Watts then filed his original petition in the trial court, alleging the City discharged him in violation of the Whistleblower Act. *See* TEX. GOV'T CODE ANN. §§ 554.001–554.010 (Vernon 2004). The City filed a plea to the jurisdiction, asserting the trial court lacked jurisdiction because Watts failed to initiate the City's grievance and appeal procedures. The trial judge held hearings on the City's plea and on its motion for reconsideration, and denied both.

Whether a court has subject matter jurisdiction is a question of law. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex.2004). When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the case. *Miranda*, 133 S.W.3d at 226. We construe the pleadings liberally in favor of the plaintiffs. *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 839–40 (Tex. 2007). The plaintiff should be granted the opportunity to amend if defects are curable. *Koseoglu*, 233 S.W.3d at 839–40. If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues, as the trial court is required to do. *Miranda*, 133 S.W.3d at 227. If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder. *Miranda*, 133 S.W.3d at 227–28. Our standard of review "generally mirrors that of a summary judgment under Texas Rule of Civil Procedure 166a(c)." *Miranda*, 133 S.W.3d at 228. The government is required to meet the summary judgment standard of proof for its assertion the trial court lacks jurisdiction. *Miranda*, 133 S.W.3d at 228. After the state asserts and supports with evidence that the trial court lacks subject matter jurisdiction, the plaintiff is required to show there is a disputed material fact regarding the jurisdictional issue. *Miranda*, 133 S.W.3d at 228. We take as true all evidence favorable to the nonmovant, and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Miranda*, 133 S.W.3d at 228.

The Texas Whistleblower Act, under which Watts makes his claim against the City, requires a public employee to "initiate action under the grievance or appeal procedures of the employing state or local government entity relating to suspension or termination of employment or adverse personnel action before suing under this chapter." TEX. GOV'T CODE ANN.

§ 554.006(a) (Vernon 2004). The City contends Watts did not comply with the City's grievance and appeal procedures before filing suit.

The City cites to two provisions in its personnel rules that "require an employee to personally appear at his termination hearing." Section 34–38(c)(5) provides,

Except for the final step in appealing a suspension, demotion, or discharge, a hearing under these procedures is an informal discussion held without the taking of a written record. An employee must be willing to discuss the evidence and answer questions concerning the grievance or appeal at each step. Failure to discuss the facts of the case at any informal level of these procedures will constitute withdrawal of the grievance or appeal and will cause the last decision rendered to become nonappealable.

Section 34–38(c)(8) provides,

Unless due to reasons beyond the employee's control, if an employee fails to file a grievance or an appeal within the time limits prescribed in Subsection (f) of this section or fails to personally appear at a hearing, the matter will be considered as having been accepted and the last decision rendered will be nonappealable.

These provisions require the employee to be "willing to discuss the evidence and answer questions," and set out the consequences of an employee's failure "to personally appear at a hearing." The provisions do not define the terms "personally appear" or "willing to discuss." The City contends that Watts did not comply with these provisions and therefore cannot bring suit under the Whistleblower Act.

In order to determine whether Watts "initiate[d] action" for purposes of the Whistleblower Act, the trial judge would have considered whether Watts met the requirement of the City's rules "to personally appear," and whether Watts was "willing to discuss the evidence and answer questions." The trial judge had before him the City's charges, Watts's written response, and a copy of the relevant personnel rules, and heard testimony from a representative of the City. The evidence showed Watts personally appeared at the place and time set for the hearing. The evidence also showed the Department Director did not convene the hearing at the designated time, and Watts was not present when the hearing actually commenced. The evidence showed Watts prepared a written rebuttal of the City's charges, which the union representative gave to the department director who was to conduct the hearing. The City presented conflicting evidence whether Watts was on paid or unpaid leave at the time, and conflicting argument regarding whether this status mattered. The evidence showed on May 31, 2006, the City terminated Watts and notified him his termination was not appealable. Watts received this letter on June 1. That day, he gave written notice on his union's letterhead to the City Manager that he sought to appeal his termination to the City's Civil Service Trial Board and seek reinstatement. The City argues we should ignore this appeal for purposes of the plea to the jurisdiction because Watts's failure to appear at the hearing resulted in the loss of any right to appeal under the City's procedures. The City did not respond to Watts's appeal. Watts filed suit on August 28, 2006.

As noted by the supreme court in *University of Texas Medical Branch v. Barrett*, 159 S.W.3d 631, 632 (Tex.2005), section 554.006 does not require that grievance or appeal procedures be exhausted before suit can be filed; "rather, it requires that such procedures be timely initiated and that the grievance or ap-

922

peal authority have 60 days in which to render a final decision." The City recognizes this rule, but argues "an employee is still required to vigorously pursue his administrative remedies, at least for sixty days, before resorting to litigation," and points out that statutory prerequisites to suit against the government are jurisdictional. *See* TEX. GOV'T CODE ANN. § 311.034 (Vernon Supp.2007); *see also Dallas County v. Hughes,* 189 S.W.3d 886, 888 (Tex.App.-Dallas 2006, pet. denied) (prerequisites to suit under Whistleblower Act are mandatory and jurisdictional). The City's arguments do not establish its plea to the jurisdiction as a matter of law, however; rather, they highlight the fact dispute between the parties as to whether Watts's actions were enough to "initiate" the City's procedures for purposes of the Whistleblower Act.

We hold the evidence presented a question of fact regarding the trial court's jurisdiction. The supreme court held in *Miranda* that where the evidence creates a fact question regarding the jurisdictional issue, "then the trial court *cannot* grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder." *Miranda,* 133 S.W.3d at 227–28 (emphasis added). Therefore, the trial judge did not err in denying the City's plea to the jurisdiction. We overrule the City's issue and affirm the trial court's denial of the City's plea.