

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-23-00384-CV

———————————————————

TEXAS WOMAN'S UNIVERSITY, Appellant

V.

VIVIAN CASPER, Appellee

On Appeal from the 467th District Court
Denton County, Texas
Trial Court No. 23-0425-467

Before Sudderth, C.J.; Bassel and Womack, JJ.
Opinion by Chief Justice Sudderth

# OPINION

The parties present an issue of first impression: whether, under the election-of-remedies provision in the Texas Human Rights Commission Act (TCHRA),[1] a plaintiff who has filed a federal action based on allegedly unlawful employment practices is barred from filing a duplicative TCHRA complaint even if she abandons her earlier-filed federal action. *See* Tex. Lab. Code Ann. § 21.211. Appellant Texas Woman's University (TWU) posits that the answer is yes, and it filed a plea to the jurisdiction on that basis. Appellee Vivian Casper disagrees, contending that the election-of-remedies provision bars a TCHRA complaint only if the earlier-filed federal action remains pending or has been resolved. The trial court agreed with Casper and denied TWU's plea, setting the stage for this interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8).

The dispute can be resolved with a single word: "initiated." Tex. Lab. Code Ann. § 21.211. Under the plain language of the TCHRA's election-of-remedies provision, an "initiated" federal action is what triggers the prohibition on filing a duplicative TCHRA complaint. *Id.* Nothing in the statute conditions the prohibition on the federal action's ongoing status or past resolution, and nothing in the statute removes the bar if the federal action is later abandoned. Because Casper does not

---

[1] *See Tex. Workforce Comm'n v. Seymore*, No. 02-23-00036-CV, 2024 WL 283688, at *4 n.8 (Tex. App.—Fort Worth Jan. 25, 2024, no pet.) (am. mem. op.) (explaining origin of TCHRA's name).

dispute that she "initiated" her federal action before filing her TCHRA complaint, and because she does not dispute that both challenged the same allegedly unlawful employment practices, we will reverse the trial court's order denying TWU's plea and render judgment dismissing Casper's TCHRA claims.

## I. Background

Casper is a tenured professor at TWU, and according to her, TWU discriminated against her based on her age, it created a hostile work environment based on her age, it aided and abetted TWU employees who discriminated against her based on her age, and it retaliated against her when she complained of the discrimination.[2] Based on this conduct, in January 2023, Casper filed a federal lawsuit to recover for age discrimination and retaliation. Not long after, she filed the current action in state court, alleging substantially similar claims under the TCHRA based on the same employment practices. *See id.* §§ 21.051, .055, .056.

TWU responded with a plea to the jurisdiction, pointing out that Casper had already filed a federal action and arguing that Casper's state-court suit was barred by

---

[2]In a previous lawsuit, Casper raised other challenges to alleged bad acts committed by TWU and its administrators. That lawsuit was dismissed on TWU's plea to the jurisdiction, and we affirmed the dismissal in August 2023. *See Casper v. Tex. Woman's Univ.*, No. 02-22-00345-CV, 2023 WL 5617129, at *1–16 (Tex. App.—Fort Worth Aug. 31, 2023, pet. filed) (mem. op.).

the TCHRA's election-of-remedies provision.[3] *See id.* § 21.211. So, Casper—preferring to seek recovery in state court—amended her federal pleadings to drop the claims that paralleled her TCHRA allegations. Then, with her amended federal pleadings in hand, she argued that the TCHRA's election-of-remedies provision did not apply because she had abandoned her earlier-filed federal claims and her superseded federal pleadings were (in her words) a "legal nullity." The trial court seemingly agreed, as it denied TWU's plea without specifying a basis for its judgment.

## II. Discussion

TWU raises several issues in this interlocutory appeal, but we need address only one: whether, under the TCHRA's election-of-remedies provision, Casper's earlier-filed federal action barred her duplicative TCHRA complaint, even though she ultimately abandoned the relevant portions of her federal action. This is an issue of first impression for this court,[4] but it is an issue that is easily and decisively resolved by the plain language of the statute.

---

[3]TWU made other arguments in its plea as well, and it reiterates many of those arguments on appeal. We need not address TWU's other arguments to dispose of this case. *See* Tex. R. App. P. 47.1.

[4]The parties have not cited—nor has this court found—any controlling case law addressing the narrow issue presented here. *Cf. Health & Hum. Servs. Comm'n v. Quintero*, No. 08-23-00060-CV, 2023 WL 6613331, at *2–4 (Tex. App.—El Paso Oct. 10, 2023, no pet.) (mem. op.) (holding TCHRA claims barred by election-of-remedies provision because plaintiff "first fil[ed] her discrimination and retaliation claims in federal court" when trial court dismissed state-court claims while resolution of federal-court claims was pending on appeal); *Wije v. Burns*, No. 01-19-00024-CV, 2020 WL 5269414, at *5 (Tex. App.—Houston [1st Dist.] Sept. 3, 2020, pet. denied) (mem.

4

## A.    Standard of Review

Generally, a state institution such as TWU has sovereign immunity from suit. *See Tex. Tech Univ. Health Scis. Ctr.—El Paso v. Niehay*, 671 S.W.3d 929, 935 (Tex. 2023); *Casper*, 2023 WL 5617129, at \*4.   Absent a waiver of this immunity, such immunity deprives a trial court of subject matter jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004).

The TCHRA contains a clear waiver of sovereign immunity, but to invoke that waiver, a plaintiff must allege facts that would establish a TCHRA violation and, when challenged with contrary evidence, must create a fact issue regarding the allegations. *Niehay*, 671 S.W.3d at 935.   Here, the relevant jurisdictional facts are undisputed; the question is their legal import and whether they deprive the trial court of subject matter jurisdiction.

---

op.) (holding that, because appellant "elected to pursue his discrimination and retaliation claims in federal court," where the claims had been dismissed with prejudice, the TCHRA's election-of-remedies provision "preclude[d] him from pursuing these same claims in state court under the TCHRA"); *Wu v. Tex. A & M Int'l Univ.*, No. 04-11-00180-CV, 2011 WL 5406263, at \*3 (Tex. App.—San Antonio Nov. 9, 2011, no pet.) (mem. op.) (holding that, "[b]ecause [appellant] elected to pursue administrative proceedings with the EEOC and file his discrimination suit in federal court, the election of remedies provision in the [T]CHRA precludes him from pursuing the same claim in state court under the [T]CHRA," without specifying status of EEOC or federal actions); *City of Fort Worth v. Shilling*, 266 S.W.3d 97, 106 (Tex. App.—Fort Worth 2008, pet. denied) (holding that plaintiff's TCHRA complaint was barred because, "[h]aving initiated administrative proceedings with the City regarding conduct involving [her supervisor], Shilling was unambiguously prohibited by labor code section 21.211 from contemporaneously pursuing her complaint with the TWC based on the same grievance involving [her supervisor]").

A trial court's jurisdiction is a question of law, which we review de novo. *City of Austin v. Quinlan*, 669 S.W.3d 813, 818 (Tex. 2023); *Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 620 (Tex. 2011); *City of Waco v. Lopez*, 259 S.W.3d 147, 150 (Tex. 2008); *Shilling*, 266 S.W.3d at 101. The same is true of matters of statutory construction, which are dispositive here; such matters are questions of law, reviewed de novo. *See Mosaic Baybrook One, L.P. v. Simien*, 674 S.W.3d 234, 253 (Tex. 2023).

## B. Canons of Statutory Construction

When interpreting a statute such as the TCHRA, our aim is to ascertain and give effect to the legislative intent. *Morath v. Lampasas Indep. Sch. Dist.*, No. 22-0169, 2024 WL 648671, at *5 (Tex. Feb. 16, 2024); *City of DeSoto v. White*, 288 S.W.3d 389, 394–95 (Tex. 2009). And "[t]he plain language of [the] statute is the surest guide to [that] intent." *Prairie View A & M Univ. v. Chatha*, 381 S.W.3d 500, 507 (Tex. 2012) (construing TCHRA provision); *see Morath*, 2024 WL 648671, at *5.

We thus construe a statute based on its plain language. *Quinlan*, 669 S.W.3d at 821. "Where text is clear, text is determinative." *In re Off. of Att'y Gen.*, 422 S.W.3d 623, 629 (Tex. 2013) (orig. proceeding) (quoting *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009)). An undefined statutory term is understood to have its plain, ordinary meaning absent some indication that another meaning is intended. *Mosaic Baybrook One*, 674 S.W.3d at 253; *Quinlan*, 669 S.W.3d at 821; *see* Tex. Gov't Code Ann. § 311.011 (codifying canon that words are "construed according to the rules of grammar and common usage" absent a "technical or particular meaning").

6

We do not view undefined statutory terms in a vacuum but interpret them in the context of the statute as a whole, harmonizing and giving effect to all of the statutory language. *Mosaic Baybrook One*, 674 S.W.3d at 253–54; *Quinlan*, 669 S.W.3d at 821; *see* Tex. Gov't Code Ann. § 311.011(a) (codifying canon that "[w]ords and phrases shall be read in context"), § 311.021(2) (codifying presumption that "the entire statute is intended to be effective").

## C.   TCHRA's Election-of-Remedies Provision

The narrow issue presented is whether Casper's abandonment of her earlier-filed federal claims removed her duplicative TCHRA claims from the reach of the election-of-remedies provision. To resolve this issue, "[w]e begin with the text." *Ditech Servicing, LLC v. Perez*, 669 S.W.3d 188, 192 (Tex. 2023) (interpreting provision of Government Code).

That text—entitled "Election of Remedies"—provides:

> A person who has initiated an action in a court of competent jurisdiction or who has an action pending before an administrative agency under other law or an order or ordinance of a political subdivision of this state based on an act that would be an unlawful employment practice under this chapter may not file a complaint under this subchapter for the same grievance.

Tex. Lab. Code Ann. § 21.211. The Texas Supreme Court has summarized the "obvious purpose" of this provision as "limit[ing] the ability [of a plaintiff] to pursue multiple grievances in multiple forums over the same alleged conduct." *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 809–10 (Tex. 2010) (explaining that, "if a plaintiff files

7

a federal cause of action under Title VII or another federal anti-discrimination statute . . . , she cannot bring a duplicative claim under the TCHRA"); *Lopez*, 259 S.W.3d at 155 (similar, stating that the "election of remedies language simply means that a claimant can pursue a remedy for discrimination under federal law or under grievance-redress systems in existence at the local level, but pursuing either of these options precludes later initiating a [T]CHRA complaint"). Casper therefore reasons that, because the election-of-remedies provision is designed to bar a plaintiff from seeking "two bites at the apple," it must apply only when the plaintiff has "ongoing or fully adjudicated" federal claims—not when the plaintiff has "voluntarily abandon[ed]" her federal claims. [Emphasis removed.]

But the text of the election-of-remedies provision is not limited to "ongoing or fully adjudicated" federal claims. [Emphasis removed.] Rather, its prohibition applies when a plaintiff "has *initiated* an action in a court of competent jurisdiction." Tex. Lab. Code Ann. § 21.211 (emphasis added).

Although the term "initiated" is not defined in the TCHRA, its meaning is not difficult to decipher. To "initiate" is "to begin or set going"; to "perform or facilitate the first actions, steps, or stages of"; "to bring about the initial formation of"; or to "originate." *Initiate*, Webster's Third New International Dictionary 1164 (reprt. 2021) (1961); *see* *Initiate*, Merriam-Webster, https://www.merriam-webster.com/dictionary/initiate (last visited Apr. 4, 2024) (defining "initiate" as "to cause or facilitate the beginning of"; to "set going"); *see also Morath*, 2024 WL 648671,

8

at *6 (noting that, "[t]o ascertain the meaning of an undefined term . . . , we generally consult dictionaries for the term's commonly understood meaning"); *Mosaic Baybrook One*, 674 S.W.3d at 254 & n.21 (discussing ordinary meaning of statutory language by referencing Webster's Dictionary, among other dictionaries). "Initiation" refers to the commencement of something; it "focus[es] on a single moment in time": the "starting point." *Brown v. City of Houston*, 660 S.W.3d 749, 757 (Tex. 2023) (emphasis removed) (interpreting Tex. Civ. Prac. & Rem. Code Ann. § 103.153 by distinguishing between "initiate" and "bring"); *see Shilling*, 266 S.W.3d at 102 (interpreting "initiate" in Tex. Gov't Code Ann. § 554.006 and emphasizing that requiring "initiat[ion]" of grievance procedures "does not require that grievance or appeal procedures be exhausted"); *Initiate*, Cambridge Dictionary, https://dictionary.cambridge.org/us/dictionary/english/initiate (last visited Apr. 4, 2024) (defining "initiate" as "to cause something to begin"). Filing a lawsuit in federal court "start[s]" or "originate[s]" the federal action; it "initiate[s]" it. Tex. Lab. Code Ann. § 21.211; *Brown*, 660 S.W.3d at 757; *Initiate*, Webster's Third New International Dictionary 1164 (reprt. 2021) (1961).

And the election-of-remedies provision as a whole makes clear that, when the legislature said "initiated," it meant "initiated"—not "pending." Tex. Lab. Code Ann. § 21.211. The very language of the statute differentiates between the two. *Id.*; *cf. Brown*, 660 S.W.3d at 756 (applying canon of construction that court presumes "the legislature intended different meanings by using different words"). For certain types

9

of legal actions—actions "before an administrative agency under other law or an order or ordinance of a political subdivision of this state"—the action must be "pending" to trigger the statutory bar on a duplicative TCHRA complaint. Tex. Lab. Code Ann. § 21.211. But for the type of actions relevant here—"action[s] in a court of competent jurisdiction"—the TCHRA's bar applies if the action "has [been] initiated." *Id.* By conditioning the election-of-remedies provision's bar on "initiated" actions in some instances and "pending" actions in others, the legislature drew a clear distinction between the two statuses. *See id.* And in doing so, it also demonstrated that it knew how to limit the bar to "pending" actions when that was what it intended. *See id.*; *cf. Osterberg v. Peca*, 12 S.W.3d 31, 38 (Tex. 2000) (contrasting statute with other provisions in chapter and noting that "[t]he [l]egislature clearly knew how to require that the actor have knowledge of the [statute] before being charged with a violation"); *Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 175 (Tex. 1980) (contrasting statutory language with that of analogous provision and stating that "[o]bviously, the Legislature knew how to include the [relevant transactions] within the scope of coverage . . . when it intended to cover such transactions"). For federal actions, it conditioned the bar upon the action's "initiat[ion]," Tex. Lab. Code Ann. § 21.211, and "[w]e take the [l]egislature at its word," *In re Off. of Att'y Gen.*, 422 S.W.3d at 629.

Of course, as Casper points out, a federal claim that has been "initiated" can be significantly altered or altogether dropped with an amended pleading. *See* Fed. R. Civ. P. 15; *cf.* Tex. R. Civ. P. 63, 65. She thus protests that, if the election-of-remedies

provision is interpreted as triggered by an "initiated" federal action—as the statute's plain language says, Tex. Lab. Code Ann. § 21.211—it would conflict with the body of "longstanding and clearly on-point" case law holding that amended pleadings supersede prior pleadings. *See, e.g.*, *Guar. Nat'l Ins. Co. v. Vic Mfg. Co.*, 143 F.3d 192, 194 (5th Cir. 1998) (recognizing that "[a]n amended pleading completely supersedes prior pleadings"); *Bos v. Smith*, 556 S.W.3d 293, 306 (Tex. 2018) (reiterating and applying rule that "[a]mended pleadings supersede prior pleadings, and any claim not carried forward in an amended pleading is deemed dismissed").

There is no doubt that superseded pleadings have limited utility. A plaintiff is generally not bound by such pleadings in that the allegations therein cannot serve as judicial admissions and do not state live claims. *See* Tex. R. Civ. P. 65; *Lake Jackson Med. Spa, Ltd. v. Gaytan*, 640 S.W.3d 830, 839 (Tex. 2022); *Sanders v. Future Com, Ltd.*, No. 02-15-00077-CV, 2017 WL 2180706, at *6 (Tex. App.—Fort Worth May 18, 2017, no pet.) (mem. op.) (noting that "superseded pleadings are admissible at trial in some circumstances" but "are not binding on the party as formal judicial admissions"). But that is not the question here. The question here is "initiat[ion]," Tex. Lab. Code Ann. § 21.211, and a superseded pleading's limited utility does not erase the fact that it ever existed. Neither filing an amended pleading nor abandoning a claim can rewrite history; once a federal action has been initiated, it cannot be *un*initiated. It can be abandoned, but the initiation genie cannot be put back into the bottle.

11

Thus, the plain language of the statute prohibited Casper—after having "initiated an action in a court of competent jurisdiction . . . based on an act that would be an unlawful employment practice"—from "fil[ing] a [TCHRA] complaint . . . for the same grievance." *Id.* Whether Casper's federal action continued beyond its "initiat[ion]" was and is immaterial to the election-of-remedies provision's bar. *See id.* Because it is undisputed that she filed her federal action prior to filing her duplicative TCHRA complaint, the TCHRA's waiver of immunity does not apply.

We sustain TWU's dispositive first issue.

## III. Conclusion

The plain language of the TCHRA and the undisputed jurisdictional facts establish that Casper's claims are barred, *see id.*, so the TCHRA's waiver of immunity does not apply. Accordingly, the trial court erred by denying TWU's plea to the jurisdiction.

We reverse the trial court's order and render judgment dismissing Casper's TCHRA claims for want of subject matter jurisdiction.[5] Tex. R. App. P. 43.2(c).


/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice


Delivered: April 11, 2024

---

[5]Because the undisputed facts establish that Casper's TCHRA claims are barred by past events that cannot be changed, repleading would be futile. *See Wu*, 2011 WL 5406263, at *3 (noting that, because election-of-remedies provision barred plaintiff's TCHRA claim, "any amendment of his pleadings would be futile"); *cf. Sefzik*, 355 S.W.3d at 623 (noting that, when an appellate court "upholds a plea to the jurisdiction on sovereign immunity grounds," it generally "allow[s] the plaintiff the opportunity to replead if the defect can be cured").